346 November 20, 2024 No. 838

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of
Jason James GIST,
*Petitioner-Appellant,*

*and*

Jodie Anne GIST,
nka Jodie Ann Villasenor,
*Respondent-Respondent.*

Josephine County Circuit Court
20DR17265; A179662

Sarah E. McGlaughlin, Judge.

Submitted September 1, 2023.

Jason James Gist filed the brief *pro se*.

No appearance by respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this domestic relations proceeding, father appeals from a judgment awarding mother sole legal custody of their two minor children arising out of his motion to modify a previous custody judgment. Advancing seven assignments of error, father argues the trial court erred by (1) isolating one factor of ORS 107.137 to the exclusion of other factors; (2) ruling that father as a protective parent is guilty of parental alienation without consideration of the facts; (3) denying the custody claim without considering domestic violence as a relevant factor; (4) ruling that an illegal act can constitute a philosophical belief; (5) ruling that the children be removed from the established primary care taker, schooling, and social lives was in the best interest of the children; (6) neglecting to rule fairly and objectively and giving preference to mother for the sole reason she is a mother; and (7) ruling without hearing testimony, viewing relevant records, and entering in evidence vital to the safety, wellbeing, and best interest of the children. After reviewing the record, including the trial court's findings, we conclude that the court did not err. Accordingly, we affirm.

We set out only a limited recitation of the underlying facts in this nonprecedential memorandum opinion because the parties are familiar with the procedural and background facts. Married in 2013, the parties are the parents of two minor children. In April 2021, the parties entered into a stipulated dissolution judgment that awarded joint legal custody of the two children to the parties. In January 2022, father filed a combined Motion for an Order of Immediate Danger and a Motion to Modify Custody and Parenting Time. Thereafter, father demanded the court award sole legal custody of the two minor children to him. The court granted the motion *ex parte*, and the parties proceeded to a hearing on whether to continue the immediate-danger order and on father's motion to change custody.

After taking evidence and hearing argument, the trial court determined that father failed to prove by clear and convincing evidence that mother was an immediate danger to the children and dismissed the immediate-danger order. The court then determined that there was a change of circumstances warranting a modification of the custody judgment.

The court discussed each of the ORS 107.137(1) factors to determine the best interest of the children and ultimately awarded sole legal custody to mother. The court later entered a supplemental judgment that reiterated its findings and conclusions.

On appeal, father asks us to exercise our discretion to review *de novo*, a standard reserved for "exceptional cases." *See* ORS 19.415(3)(b); ORAP 5.40(8)(c); *see also* ORAP 5.40(8)(d) (identifying considerations, which are neither exclusive nor binding, that can help decide whether to exercise *de novo* review). Here, the trial court made sufficient findings for our review and pointed to testimony in the record on which it relied. Thus, we decline to engage in *de novo* review. Accordingly, in reviewing a trial court's decision on a motion to change custody, we are bound by the court's findings of fact that are supported by any evidence in the record and review the court's legal conclusions for errors of law. *Slaughter and Harris*, 292 Or App 687, 688, 425 P3d 770 (2018). We then review the trial court's best-interests determination for an abuse of discretion, and we will reverse only if the court's discretionary determination was not a legally permissible one. *Sjomeling v. Lasser*, 251 Or App 172, 187, 285 P3d 1116, *rev den*, 353 Or 103 (2012); *see also Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (explaining that a discretionary determination is legally impermissible if it is "based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support").

Here, the trial court dismissed the immediate-danger order and concluded that, based on circumstances, it was in the best interests of the children to award mother sole custody of the children. We have reviewed the record and the trial court's findings, including its express credibility findings, and conclude that the court considered the applicable factors and that the findings support its legal conclusions. Further, having considered the trial court's evaluation of the ORS 107.137(1) factors, again including its express credibility findings, we conclude that the court's decision was not outside the permissible range of choices in making the best-interest determination.

Affirmed.